UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WARREN WINSTEAD,

        Plaintiff,

     v.                                 ACTION NO. 2:04cv365

MAJOR CASTELLAW,
OFFICER BREVARD,
CAPTAIN POWERS,
LT. F. CHAVIOUS,
MAGISTRATE MRS. SAPP,
JOHN R. KUPLINSKI,
DR. OFOGH,

        Defendants.

## OPINION AND ORDER

Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983, to redress alleged violations of his constitutional rights. Specifically, plaintiff claims he was subjected to excessive force by Officer Brevard, and denied pain medication by Dr. Ofogh. Plaintiff seeks $1,000,000.00 and an apology. Plaintiff also seeks the return of good time credits. However, return of good time credits is not a remedy that is available through a § 1983 action.

Defendants' response indicates that several of the defendants' names are spelled incorrectly. Accordingly, the Clerk is **DIRECTED** to revise the docket to correct the name of the defendant named as Castleoff to Castellaw, the defendant named as F. Chauvais to W. Chavious, the defendant named as Kyplinski to

Kuplinski, and the defendant named as Ofha to Ofogh.

## I. Procedural History

By order entered January 10, 2005, the court dismissed defendant Sapp. On March 10, 2005, defendants filed a motion for summary judgment and a memorandum and affidavits in support thereof. In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), plaintiff was given an opportunity to respond to defendants' motion with any material that he wished to offer in rebuttal. Plaintiff was advised that failure to submit any materials could result in an adverse judgment based on defendants' motion and accompanying affidavits. Plaintiff has responded with several affidavits and a brief in support of his opposition.

## II. Facts

During the relevant times, plaintiff was incarcerated at Virginia Peninsula Regional Jail. On February 26, 2004, plaintiff and Officer Brevard had an altercation. Plaintiff did not file a grievance against Officer Brevard for this incident. Plaintiff was placed in segregation on February 26, 2004. Upon entering segregation, plaintiff was given a grievance form. Plaintiff alleges in an affidavit that he was never given another one. Plaintiff filed a request to see Magistrate Sapp on February 26, 2004. On March 12, 2004, plaintiff filed a grievance regarding the denial of medical care. Plaintiff filed another grievance on March 12, 2004, asking what Magistrate Sapp had decided. Plaintiff also filed several inmate

2

requests and an appeal of his institutional conviction stemming from the February 26, 2004 incident. Plaintiff was released from segregation at the end of March. Plaintiff was transferred to the custody of the Virginia Department of Corrections on April 5, 2004. Plaintiff did not file any grievances with respect to defendants Brevard, Castellaw, Powers, Chavious, or Kuplinski.

Plaintiff's grievance with respect to Dr. Ofogh, which was submitted by plaintiff on March 12, 2004, was answered on April 29, 2005. However, this form was not returned to plaintiff, as plaintiff had been transferred. The form was merely placed in plaintiff's file.

### III. Analysis

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex Corp., 477 U.S. at 322-24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure by plaintiff to rebut

defendants' motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

A mere scintilla of evidence is not sufficient to withstand a motion for summary judgment. Rather, the evidence must be such that the fact-finder reasonably could find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Although the court must draw all justifiable inferences in favor of the nonmoving party, in order to successfully defeat a motion for summary judgment, a nonmoving party cannot rely on "mere belief or conjecture, or the allegations and denials contained in his pleadings." Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995) (citing Celotex, 477 U.S. at 324).

Defendants seek summary judgment based on plaintiff's failure to exhaust the available administrative remedies. The court **GRANTS** defendants' motion for summary judgment with respect to defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski. However, the court **DENIES** defendants' motion for summary judgment with respect to Dr. Ofogh.

The incident with defendant Brevard occurred on February 26, 2004, and plaintiff was not transferred until April 5, 2004. Plaintiff did not file any grievances

4

against defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski.  Plaintiff claims he only had one grievance form during the time he was in segregation.  However, plaintiff filed two regular grievances during this time.  Therefore, it is clear that plaintiff could have filed a grievance, but did not.  Moreover, even if plaintiff was denied grievance forms while in segregation, plaintiff could have filed a grievance once he was released from segregation.  Therefore, plaintiff has failed to exhaust the available administrative remedies for his claims against defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski.  No action may be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner until the prisoner has sought review of his claims through the administrative grievance procedure.  <u>See</u> 42 U.S.C. § 1997e.  Accordingly, defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski are **DISMISSED** as defendants to this action.

Plaintiff did file a grievance with respect to his medical treatment by defendant Ofogh on March 12, 2004.  That grievance was not responded to until April 29, 2004.  Thus, plaintiff could not appeal while he was incarcerated at Virginia Peninsula Regional Jail.  Moreover, as the grievance response was not forwarded to plaintiff, who was in state custody by that time, he could not appeal after he was transferred.  Accordingly, there is a material issue of fact as to whether the administrative remedies were actually available to plaintiff with respect to his claim against defendant Ofogh.  Accordingly, the motion for summary judgment is **DENIED** as to defendant Ofogh.

If defendant Ofogh wishes to file any other dispositive motions, he is **DIRECTED** to file any such motion within thirty (30) days from the date of this order. If no additional dispositive motions are filed within the thirty-day period, this action will be scheduled for trial as soon as possible thereafter.

The stay of discovery entered March 22, 2005, is **LIFTED**. Plaintiff has filed a motion to compel. The court has received defendants' objections and plaintiff's responses. However, the court has never been provided with a list of the information sought by plaintiff. Therefore, the court cannot determine whether the objections are justified or whether plaintiff is entitled to discovery. Accordingly, plaintiff's motion to compel is **DENIED** at this time. If plaintiff wishes to renew his motion to compel discovery, plaintiff is **DIRECTED** to resubmit his motion to compel, along with a list of the information sought through discovery, within thirty (30) days from the date of the order.

## IV. Conclusion

For the aforementioned reasons, the court **GRANTS** defendants' motion for summary judgment with respect to defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski. Under Rule 54, subsections (a) and (b), of the Federal Rules of Civil Procedure, the dismissal of plaintiff's claims against defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski will not be a final judgment for purposes of appeal until the court has also resolved plaintiff's claims against defendant Ofogh. As a result, plaintiff may not yet appeal the court's dismissal of

defendants Brevard, Castellaw, Powers, Chavious, and Kuplinski.

The court **DENIES** defendants' motion for summary judgment with respect to defendant Ofogh. If defendant Ofogh wishes to file any additional dispositive motions, he is **DIRECTED** to do so within thirty (30) days from the date of this order.

The stay of discovery entered March 22, 2005, is **LIFTED**. Plaintiff's motion to compel is **DENIED** at this time. Plaintiff may resubmit his motion with a list of his discovery requests within thirty (30) days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to plaintiff and counsel for defendants.

IT IS SO **ORDERED**.

_____/s/_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 6, 2005